# LAW OFFICE OF Thomas G. Jarrard, PLLC

1020 North Washington Street
Spokane, WA 99201

Email: TJarrard@att.net

February 18, 2021



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/2021

Defendant's counsel, Kean & Bean, PS, is directed to respond to Plaintiff's request for reimbursement of expenditures associated with service of process pursuant to Fed. R. Civ. Pro. 4(d)2, within ten (10) days hereof. Movant is directed to serve a copy of this memorandum endorsement to Defendant's counsel via fax and certified mail and to file proof of service on the docket.

Feb. 23, 2021    SO ORDERED:
White Plains, NY

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Nelson S. Román, United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601
Via fax to (914) 390-4179

**SUBJECT: O'Connell v. Town of Bedford Police Dept., Case No. 21-cv-00170-NSR, Pre-motion conference letter, regarding a Fed. R. Civ. P. 4(d)(2) motion for costs and attorney fees incurred following refusals to waive service.**

Dear Judge,

We represent the Plaintiff, Mr. O'Connell, regarding his Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA) complaint. Mr. O'Connell is a sergeant in the Bedford P.D., and an Ensign (O-1) in the United States Coast Guard Reserve. Mr. O'Connell is currently serving on active duty. The Defendants in this case are the Town of Bedford P.D., its Chief, Melvin Padilla, and Lieutenant Michael Callahan. The purpose of this letter is to obtain an order from the Court for the expenses incurred in attempting service of process against the Town of Bedford, and to eliminate further unnecessary expenses and motions regarding the same with the two individual defendants.

On September 14, 2020, I sent Defendants a litigation hold letter via email. On September, 15, 2020, Ms. Goldberg of Kean and Bean, PS, responded by letter stating that her office serves a labor counsel to the Town of Bedford. Since that date, Ms. Goldberg and I have exchanged numerous letters and emails on behalf of our respective clients.

On January 8, 2021, I filed the Complaint in this case, and emailed Ms. Goldberg asking if her office would accept service of the summons and complaint on behalf of any of the defendants. On January 19, 2020, I provided copies of complaint and requests for waivers to the Town, Town Supervisor, Town Clerk, the Police Department, and Ms. Goldberg via email, and U.S. Mail. Ms. Goldberg acknowledged receipt of the same, and I followed up with several emails. The deadline to waive service passed on February 18, 2020. But service was not waived by any defendant. Service was then accomplished by a process server to the Town that Mr.

MEMO ENDORSED

A USERRA LAWYER

O'Connell was required to pay. Service upon the two individual Defendants, if necessary, following this motion, will also be made by a process server, and which Mr. O'Connell will again be required to pay.

Mr. Connell is entitled to both, his costs for service of process, and his attorney fees for having to bring this motion. *See* Fed. R. Civ. P. 4(d)(2). Rule 4 requires a defendant to pay the cost of service plus reasonable attorney's fees if the defendant refuses to sign and return a waiver of service requested by plaintiff without good cause and the plaintiff files a motion to collect any service-related expenses. *See* Fed. R. Civ. P. 4(d)(2).

> Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff. Fed. R. Civ. P. 4(d)(1). Absent a showing of good cause, a defendant who fails to execute a valid waiver "must" pay the costs of formal service and any costs, including reasonable attorney's fees, of any motion "required" to collect service expenses. Fed. R. Civ. P. 4(d)(2).

*Rollin v. Cook*, 466 Fed. Appx. 665, 667-668 (9th Cir. 2012) (reversing district court's denial of attorney fees pursuant to Rule 4(d)(2) where defendants failed to waive service).

As demonstrated in the Advisory Committee notes, excusal of a defendant from paying fees and costs based on good cause is rare.

> A defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare. It is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction.

Fed. R. Civ. P. 4(d)(2) Advisory Committee note on 1993 amendment (emphasis added).

Here, Defendants received multiple requests to waive service, but refused to do so. Accordingly, Mr. O'Connell seeks an order to recover the cost of service and his counsel's fees and costs for bringing the motion, to date against the Town of Bedford. Further, if Kean and Bean, PS., is to represent the individual defendants, an order directing that office to accept service via email.

Respectfully,

/s Thomas G. Jarrard
Thomas G. Jarrard JD MBA

## CERTIFICATE OF SERVICE

I certify that on February 18, 2021, I caused the forgoing to be served via FAX to the court as directed in its standing order to:

>Nelson S. Román, United States District Judge
>United States Courthouse
>300 Quarropas Street
>White Plains, NY 10601
>*Via fax to (914) 390-4179*

I certify that I have caused to be transmitted via U.S. Mail or email the document to the following non-CM/ECF participant/s:

>Jaclyn G. Goldberg, Esq.
>Kean and Bean, PS.
>445 Hamilton Avenue, Suite 1500
>White Plains, NY 10601
>*Via email to jgoldberg@kblaw.com*

>*/s Thomas G. Jarrard*
>Law Office of Thomas G. Jarrard, PLLC
>1020 North Washington Street
>Spokane, WA 99203
>Telephone: 425 239-7290

3